|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CRIMINAL ACTION NO. 4:12-CR-252-1 |
| | § | |
| MIGUEL ANGEL ALFARO | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Miguel Angel Alfaro's ("Alfaro") Motion for Appointment of Counsel (#794). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be DENIED.

On March 13, 2013, a federal grand jury in the Eastern District of Texas returned a Superseding Indictment charging Alfaro and 15 others in Count I with Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846. The grand jury also indicted Alfaro in Count VI with Possession of a Firearm in Furtherance of a Drug Trafficking Crime and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c) and 2. Subsequently, on August 13, 2013, an Information was filed in the Eastern District of Texas charging Alfaro in Count I with Conspiracy to Distribute and Possess With the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846. On August 14, 2013, Alfaro pleaded guilty to the offense set forth in the Information pursuant to a non-binding plea agreement. On April 14, 2014, the court sentenced Alfaro to 200 months' imprisonment, followed by a 3-year term of supervised release. His projected release date is November 27, 2026. Alfaro contends that he should be appointed an attorney for the purposes of preparing and filing a motion for compassionate release on his behalf.

Alfaro requests the appointment of counsel to assist him in filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."); *see Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 749 (2019); *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991); *Whitaker v. Collier*, 862 F.3d 490, 501 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1172 (2018); *In re Sepulvado*, 707 F.3d 550, 554 (5th Cir.), *cert. denied*, 571 U.S. 952 (2013).

The court, however, may, in the interest of justice, appoint counsel to assist a defendant in the pursuit of post-conviction relief where a defendant has raised nonfrivolous claims with factually and/or legally complex issues. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("After [a defendant's first appeal], the decision whether to appoint counsel rests in the discretion of the district court.").

> The exercise of discretion in this area is guided . . . by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*United States v. Molina-Flores*, No. 3:16-CR-130-N (19), 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018) (quoting *Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012)); *see Scoggins v. MacEachern*, No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely

hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986))).

Alfaro is not entitled to the appointment of counsel to assist him with seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("There is no right to counsel in § 3582 or other post-appellate criminal proceedings."). Further, a motion "for compassionate release is not particularly complex factually or legally." *United States v. Drayton*, No. 10-200018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020); *see United States v. Wilfred*, No. 07-351, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020). Accordingly, the court finds that the discretionary appointment of counsel is not warranted.

For the foregoing reasons, Alfaro's Motion for Appointment of Counsel (#794) is DENIED.

SIGNED at Beaumont, Texas, this 31st day of August, 2020.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE